This rule has no application where the prior conviction was for possession for sale or transporting liquor in a dry area. Gaines v. State, supra; McCoy v. State, Tex.Cr.App., 263 S.W.2d 782; Martin v. State, 151 Tex.Cr.R. 62, 204 S.W.2d 627; Brooks v. State, 138 Tex.Cr.R. 526, 137 S.W.2d 768.

■ Nor is evidence of prior convictions for violations of the liquor laws admissible where, as here, the sole issue is whether or not appellant sold whisky in a dry area. Balleu v. State, 128 Tex.Cr.R. 375, 82 S.W.2d 146; Scroggins v. State, 133 Tex.Cr.R. 378, 111 S.W.2d 273; Burton v. State, 146 Tex.Cr.R. 446, 176 S.W.2d 197; Palmer v. State, 154 Tex.Cr.R. 536, 229 S.W.2d 174.

■ Prior convictions for violation of the liquor law are also inadmissible when offered for impeachment purposes, since such offenses are misdemeanors and do not involve moral turpitude. Branch's Ann. P.C., p. 103, Sec. 169; Nattali v. State, 151 Tex.Cr.R. 626, 209 S.W.2d 930; Andrews v. State, 154 Tex.Cr.R. 392, 228 S.W.2d 173.

■ That appellant was prejudiced by the inference regarding prior convictions is reflected in the verdict wherein a jail term of 90 days and a $750 fine was assessed.

We direct the trial court's attention to the fact that the bill of exception which he approved contains the statement "The Court committed a material error calculated to injure the rights of the defendant" in declining to instruct the jury to disregard certain questions propounded by the County Attorney.

Since the judgment must be reversed for the error mentioned we pretermit any discussion of the claimed error in the overruling of appellant's motion for continuance because of the absence of material witnesses.

The judgment is reversed and the cause is remanded.

**W. J. JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27594.**

Court of Criminal Appeals of Texas.

May 11, 1955.

No attorney on appeal for appellant.

Leon Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Unlawfully possessing wine for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.